

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JPM:MWG
F. #2005R00060

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 12, 2022

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Michael Mancuso
            Criminal Docket No. 05-060 (NGG)

Dear Judge Garaufis:

      The government respectfully submits this letter to advise the Court that the parties have reached an agreement to resolve the pending Violation of Supervised Release ("VOSR") charges without the need for an evidentiary hearing. The parties anticipate that the defendant will plead guilty to the sole charge in the VOSR at the conference scheduled for January 6, 2023.

      As relevant background, the original VOSR Report dated March 9, 2022, alleged a single violation of the defendant's terms of supervised release—namely, that the defendant associated with individuals affiliated with organized crime (Special Condition No. 2). See Judgment, ECF No. 580. The evidentiary support for the charge was evidence that the defendant associated with members and associates of organized crime, including Michael Uvino and Vincent Ricciardo. On November 14, 2022, the Probation Department filed Supplemental Report #1, which withdrew the sole charge of the original VOSR Report and alleged a different violation of the defendant's terms of supervised release—namely, that the defendant associated with persons engaged in criminal activity and previously convicted of felony offenses, to wit: Uvino and Ricciardo (Standard Condition No. 9). See Judgment, ECF No. 580. The evidentiary support for this new charge remains the same as the previous charge.

      The parties have reached an agreement to resolve the pending VOSR charge. Specifically, the defendant intends to plead guilty to the current VOSR Charge One by admitting that he associated with Uvino and Ricciardo, both of whom he knew had prior felony convictions. Such conduct constitutes a violation of Standard Condition No. 9 ("The defendant . . . shall not associate with any person convicted of a felony, unless granted by permission by the probation officer."). See Judgment, ECF No. 580. As part of the agreement

between the parties, the defendant will further stipulate that the government could prove that Uvino and Ricciardo were engaged in organized criminal conduct.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Michael W. Gibaldi
Michael W. Gibaldi
Assistant U.S. Attorney
(718) 254-6067

cc: Clerk of the Court (NGG) (by ECF)
United States Probation Officer Ryan Lehr (by E-Mail)